1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ROBERT D.,[1] | Case No.:  20cv2132-AJB (MSB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | **[ECF NO. 11]** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| Defendant. | |

This Report and Recommendation is submitted to the Honorable Anthony J.

Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local

Rule 72.1(c) of the United States District Court for the Southern District of California.  On

October 30, 2020, Plaintiff Robert Richard Dryer filed a Complaint pursuant to 42 U.S.C.

§ 405(g) seeking judicial review of a decision by the Commissioner of Social Security

---

[1] Under Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited on September 1, 2021).  The Court substitutes Kilolo Kijakazi for her predecessor, Andrew Saul, as the defendant in this action.  See Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) (providing that "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant.").

denying his application for a period of disability and disability insurance benefits.  (ECF No. 1.)

Now pending before the Court is the parties' "Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security."  (See ECF No. 11.)  For the reasons set forth below, the Court **RECOMMENDS** that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.  PROCEDURAL BACKGROUND

On March 15, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning October 12, 2016.  (Certified Admin. R. ("AR") 183-84, ECF No. 8.)  After his application was denied initially and upon reconsideration, (see AR 97-98, 113), Plaintiff requested a hearing before an administrative law judge ("ALJ"), (AR 128-29).

On October 24, 2019, ALJ Michael B. Richardson held an administrative hearing.  (AR 31.)  Plaintiff appeared at the hearing with counsel, and both Plaintiff and a vocational expert ("VE") testified.  (Id. at 31-86.)  At the hearing, Plaintiff amended his onset date to August 28, 2017.  (Id. at 34-35.)  In a written decision dated March 18, 2020, the ALJ found that Plaintiff was not disabled.  (Id. at 25.)

The ALJ's decision became the final decision of the Commissioner on August 31, 2020, when the Appeals Council denied Plaintiff's request for review.  (Id. at 2); see also 42 U.S.C.A. § 405(g).  This timely civil action followed.

## II.  SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process.  See 20 C.F.R. § 404.1520.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 8, 2017, the

amended alleged onset date.[3]  (AR 18.)  At step two, the ALJ found that Plaintiff had the following severe impairments:  diabetes mellitus II ("DM II") with diabetic retinopathy of both eyes, hyperlipidemia, headaches, morbid obesity, and uncomplicated basal cell carcinoma of the arm and leg.  (Id.)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments.  (Id.)

Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to do the following:

> perform light work as defined in 20 C.F.R. § 404.1567(b) except: he is unable to climb ladders, ropes or scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  Further, he is able to perform work that requires no more than occasional near acuity; he is able to occasionally use computer screens, which allow enlarging fonts; and he is unable to perform work requiring any reading at 12-point font or smaller.  Lastly, he is also unable to work outside for more than 30 minutes a day.

(Id.)

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a senior financial analyst as actually or generally performed.  (Id. at 23-24.)  The ALJ then proceeded to step five of the sequential evaluation process.  Based on the VE's testimony that a hypothetical person with Plaintiff's vocational profile and RFC could perform the requirements of occupations that existed in significant numbers in the national economy, such as housekeeping cleaner, cafeteria attendant, counter attendant, and fitting room attendant, the ALJ found Plaintiff was not disabled.  (Id. at 24.)

/ / /

---

[3] It appears that the ALJ transposed an error here, as the hearing transcript indicates that despite giving an incorrect date in a letter to the Court, the Plaintiff amended his disability onset date to correspond to his fiftieth birthday, August 28, 2017.  (AR 34.)

### III.    DISPUTED ISSUES

The parties have briefed two issues in their joint motion, which Plaintiff asserts are grounds for reversal:

1.      Whether the ALJ properly evaluated the medical opinion evidence, (ECF No. 11 at 4); and

2.      Whether the ALJ properly considered Plaintiff's subjective pain and symptom statements.  (Id. at 8.)

### IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence in the record and contain no legal error.  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).

"Substantial evidence means more than a mere scintilla but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (quoting Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971).  Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).  This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision.  See Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  The reviewing court may enter a "judgment affirming, modifying, or reversing" the Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the case to the Social Security Administration for further proceedings.  Id.  However, the reviewing court "may not

4

1  reverse an ALJ's decision on account of an error that was harmless."  Molina, 674 F.3d at

2  1111.  An error is harmless "where it is inconsequential to the . . . ultimate nondisability

3  determination."  Id.

## V.  DISCUSSION

**A.**  **The ALJ Failed to Properly Evaluate the Persuasiveness of a Prior Administrative**

**Medical Finding**

7       Plaintiff asserts that the ALJ did not provide any explanation for why the record

8  does not support the uncontradicted four-hour stand/walk restriction in the prior

9  administrative medical finding ("PAMF") of state agency medical consultant, Thu N. Do,

10  M.D., which the ALJ rejected.  (ECF No. 11 at 4-5.)  Plaintiff also contends that the ALJ

11  improperly concluded that the record does not support Dr. Do's opinion, by ignoring

12  supportive evidence in the record consisting of Plaintiffs' complaints of pain and by

13  instead requiring "objective" evidence to support Dr. Do's assessment as it relates to

14  Plaintiff's pain.  (Id.)

15       Defendant argues that the ALJ properly deemed Dr. Do's stand/walk restriction

16  unpersuasive because Dr. Do's opinion is unsupported by objective evidence and is

17  inconsistent with the record.  (Id. at 6.)

### 1.  Applicable law

19       Plaintiff filed for disability after March 27, 2017.  (See AR 183-84 (Application for

20  Disability Insurance Benefits, dated March 15, 2018).)  Therefore, the Social Security

21  Administration's revised regulations for considering medical opinions and prior

22  administrative medical findings apply.  See 20 C.F.R. § 404.1520c (2017).  Under the

23  revised regulations, an ALJ must evaluate the persuasiveness of any medical opinion and

24  PAMF and articulate his or her assessment as to each.  Id.  While the new regulations

25  construe medical opinions and PAMFs as different types of evidence,[4] 20 C.F.R. §

26

27  [4] "A prior administrative medical finding is a finding, other than the ultimate determination about
whether you are disabled, about a medical issue made by our Federal and State agency medical and

28  psychological consultants at a prior level of review in your current claim based on their review of the

404.1520c makes clear that the persuasiveness analysis for medical opinions and PAMFs is identical. See 20 C.F.R. § 404.1520c (referring to medical opinions and PAMFs collectively throughout the section).

In evaluating persuasiveness, an ALJ must consider the PAMF's supportability, its consistency, the relationship between the source and the claimant, the source's specialization, and other factors such as the source's knowledge of other evidence, social security requirements, and whether there was subsequently submitted evidence. Id.; 20 C.F.R. § 404.1520c(c)(1)-(c)(5). Though an ALJ may discuss each of the factors to be considered in his or her opinion, the regulations only require the ALJ to explain how he or she considered the most important factors—supportability and consistency—when determining a PAMF's persuasiveness, unless two conflicting PAMFs are both equally well-supported and consistent with the record. 20 C.F.R. § 404.1520c(b)(2)-(3).

Departing from prior case law, under the new regulations, an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s)." 20 C.F.R. § 404.1520c(a). The new regulations override the treating physician rule, which automatically gave greater weight to the medical opinions of treating physicians, required clear and convincing reasons for rejecting an uncontradicted medical opinion of a treating physician, and required specific and legitimate reasons supported by substantial evidence in the record for rejecting the contradicted medical opinion of a treating physician.[5] Jones v. Saul, No. 2:19-cv-01273 AC, 2021 WL 620475, at *6 (E.D. Cal. Feb. 17, 2021); Lester v. Chater, 81

_____

evidence in your case record . . ." 20 C.F.R. § 404.1513(a)(5). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions . . ." 20 C.F.R. § 404.1513(a)(2).

[5] Despite the new regulations overturning the rule's hierarchical prioritization of medical opinions by the type of medical source, some district courts in the Ninth Circuit have continued to use the "specific and legitimate" standard for contradicted opinions of treating physicians. See Kathleen G. v. Comm'r of Soc. Sec., No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (noting that "the new regulations [ ] do not clearly supersede the 'specific and legitimate' standard"); Thompson v. Comm'r of Soc. Sec., No. 2:20-CV-0003 KJN, 2021 WL 1907488, at *3 & n.3 (E.D. Cal. Mar. 24, 2021); Ceja v. Comm'r of Soc. Sec., No. 1:20-cv-01267-EPG, at *2 (E.D. Cal. Oct. 7, 2021).

6

F.3d 821, 830-31 (9th Cir. 1995).  The Ninth Circuit has not yet addressed whether, and to what extent, ALJs are still held to the "clear and convincing" and "specific and legitimate" standards when rejecting a medical opinion or PAMF.  Ceja v. Comm'r of Soc. Sec., No. 1:20-cv-01267-EPG, 2021 WL 4690742, at *2 (E.D. Cal. Oct. 7, 2021).

However, numerous district courts in the Ninth Circuit have held that under the new regulations, an ALJ must still provide legally sufficient reasons supported by substantial evidence for finding a PAMF unpersuasive.  See, e.g., Beason v. Saul, No. EDCV 19-00590, 2020 WL 606760 (C.D. Cal. Feb. 7, 2020) (ALJ failed to provide legally sufficient reasons supported by substantial evidence in the record by not explaining how he applied the consistency and supportability factors); Mark M. M. v. Saul, No. CV 19-107-M-KLD, 2020 WL 2079288, at *4 (D. Mont. Apr. 29, 2020) ("While these [2017] regulations eliminate the hierarchy between treating, examining, and non-examining sources, the ALJ must still provide legally sufficient reasons supported by substantial evidence for finding a medical opinion unpersuasive."); Kathleen G. v. Comm'r of Soc. Sec., No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) ("Whatever factors the Commissioner considers in evaluating a medical opinion, he must explain his reasoning to allow for meaningful judicial review."); Jones, 2021 WL 620475, at *8 ("The new regulation does not allow the ALJ to forego articulation of their reason or reasons altogether; rather, it provides specific articulation requirements.") (internal citations omitted).

In summary, the new regulations still require ALJs to articulate their reasoning, specifically addressing how they considered the consistency and supportability factors.  Titus L.S. v. Saul, No. 2:20-cv-04825-AFM, 2021 WL 275927 (C.D. Cal. Jan. 26, 2021).  An ALJ must do so in sufficient detail to allow a reviewing court to determine whether that reasoning is free of legal error and supported by substantial evidence.  See Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020); Zhu v. Comm'r of Soc. Sec., No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (applying the substantial evidence standard under the new 2017 regulations).

**2.      Dr. Do's PAMF and the ALJ's treatment thereof**

The PAMF at-issue is the "Disability Determination Explanation" completed by state agency medical consultant, Thu N. Do, M.D. on April 30, 2018.  (AR 88-98.)  Dr. Do reviewed Plaintiff's medical records from a range of physicians spanning several years, (id. at 89-91; see also 287-687(records reviewed)), and the Agency's summaries of the physicians' treatment notes and findings most relevant to his determination, (id. at 93).  Relevant to the issue presented, those summaries demonstrate that Plaintiff clearly reported pain, swelling (edema), and loss of sensation in his feet and legs to physicians several times over two years.  (Id.)  On June 21, 2017, Plaintiff complained of "pain, numbness/tingling of upper and [lower extremities]."  (Id.)  Plaintiff reported knee pain, bilateral foot pain, and swelling to Dr. Scott Evans, who conducted a physical examination on August 4, 2016, and found "bilat feet w/ pain in heel and arch, +edema of bilat ext to ankle."  (Id.)  In his treatment notes from this appointment, Dr. Evans also stated that Plaintiff's edema "[s]eems to be worse when he is on his feet," and that Plaintiff "[a]lso reports bilateral foot pain.  No injury or trauma.  Hard to exercise due to pain.  Pain in arch of foot.  Has had problems in past that were similar."  (Id. at 294.)

Based on his review of Plaintiff's file, Dr. Do determined that Plaintiff's medically determinable impairments included DM II, hyperlipidemia, obesity, diabetic retinopathy, and malignant skin neoplasm.  (Id. at 94.)  He also concluded that Plaintiff had symptoms of "[p]ain" and "[l]oss of sensation," which his impairments could reasonably be expected to produce, and that the objective medical evidence on record substantiated Plaintiff's statements about the intensity, persistence, and functionally limiting effects of his symptoms.  (Id. at 95.)

Dr. Do approved the Disability Evaluation Analyst's following recommendation: "[B]ased on combinations of impairments and BMI of 40, based on his BMI, [Claimant] would be restricted to the sedentary exertion level [with] vision precaution [due to] retinopathy."  (Id. at 93.)  More specifically, Dr. Do's physical RFC assessment included

an exertional limitation of four hours standing or walking in an eight-hour workday.  (Id. at 95.)

In his opinion, the ALJ summarized Dr. Do's RFC as follows:

…claimant is able to perform work at light exertional level, except he is able to stand and/or walk for four hours in an 8-hour workday.  He is unable to climb ladders, ropes or scaffolds.  He is able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  He has limited near acuity in both eyes.

(Id. at 22.)

The ALJ then assessed Dr. Do's findings:

Dr. Do's finding limiting the claimant to stand and/or walking four hours in an 8-hour workday is inconsistent with the record.  As discussed above, the record does not reveal any objective findings which would support the degree of limitations found by Dr. Do.  With that exception, the undersigned finds the remainder of Dr. Do's opinion generally persuasive because it is generally consistent with and supported by the record.

(Id.)

### 3.    The ALJ failed to articulate his consistency evaluation

"Consistency" is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources on record, including claimant's statements.  20 C.F.R. § 416.920c(c)(1); 416.920(j)(l).  An ALJ must find the medical opinion more persuasive the more consistent it is with this evidence.  Judy V. v. Saul, No. EDCV 20-562-KK, 2021 WL 4622272, at *9 (C.D. Cal. Jan. 27, 2021) (citing 20 C.F.R. § 404.1520c(c)).  When an ALJ determines that a PAMF is consistent or inconsistent with other evidence in the record, the ALJ must articulate his or her reasoning to allow for meaningful judicial review.  Kathleen G. 2020 WL 6581012, at *3; 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors from a medical source's medical opinions or prior administrative medical findings in your determination or decision.").

ALJs are required to consider the totality of the record in evaluating a PAMF's consistency.  Thompson v. Comm'r of Soc. Sec., No. 2:20-CV-0003 KJN, 2021 WL 1907488, at *6 (E.D. Cal. Mar. 24, 2021) (internal citation omitted) (finding the ALJ did not provide substantial evidence to support his conclusion where the decision did not consider the totality of the record in evaluating a medical opinion's consistency).  In considering the totality of the record, ALJs may compare a PAMF to many types of evidence to find inconsistencies: laboratory findings; the presence or absence of observable physical abnormalities; physician statements regarding a plaintiff's physical abilities and limitations; a plaintiff's own statements; and any other relevant PAMFs.  See 20 C.F.R. § 404.913 (categories of evidence considered in disability claims).

The ALJ in the present case failed to explain how he considered the consistency factor in assessing Dr. Do's stand/walk limit.  He concluded that Dr. Do's stand/walk limitation is "inconsistent with the record," but neither identified any specific evidence in the record that is inconsistent with Dr. Do's finding, nor explained how that evidence is inconsistent.  (AR 22.)  Aside from Dr. Do's RFC finding, the ALJ's RFC discussion made no mention of any references in the record to Plaintiff's foot pain, numbness, or swelling.

Defendant attempts to justify the ALJ's finding by citing several observations the ALJ made in a different section of the opinion: (1) Plaintiff did not list foot pain as a condition that limited his ability to work; (2) the record contained no significant complaints by Plaintiff about his alleged foot pain; (3) Plaintiff testified to walking without a cane or other assistive device and only experiencing occasional swelling in his feet.  (ECF No. 11 at 6 (citing AR 18).)  These justifications do not support a finding of inconsistency.

First, while Plaintiff did not separately list foot pain as a disabling condition, he did clearly list DM II, which is the condition that was largely responsible for the foot pain, numbness, and swelling that Plaintiff experienced.  (AR 229; see also AR 61 (ALJ discussing Plaintiff's "issues" with his feet and "peripheral or diabetic neuropathy,"

related to diabetes).)   Affirming that the foot pain was a symptom of Plaintiff's conditions, Dr. Do explained that his RFC, including the stand/walk restriction, was based on Plaintiff's combination of impairments (including DM II and morbid obesity). (Id. at 93.)  Dr. Do specifically listed pain and loss of sensation as <u>symptoms</u> of Plaintiff's identified impairments.  (Id. at 95.)  Moreover, Plaintiff worked as a senior financial analyst for over nine years before filing for disability.  (Id. at 250.)  That position only required him to stand and walk for an hour each day.  (Id. at 251.)  Since his past relevant work required him to spend very little time on his feet, it is unsurprising that Plaintiff did not include foot pain in the list of conditions that limited his ability to work. Based on the above, the fact that Plaintiff did not characterize a symptom as a separate condition does not demonstrate a lack of consistency with Dr. Do's stand/walk restriction.[6]

Second, the ALJ's statement that the record contains no significant complaints of foot pain by the Plaintiff ignores significant evidence in the record.  Numerous district courts have held, under the new regulations, that remand was proper where an ALJ ignored evidence in the record that supported, or was consistent with, a rejected medical finding.  <u>Buethe v. Comm'r of Soc. Sec.</u>, No. 2:20-cv-552-KJN, 2021 WL 1966202, at *5 (E.D. Cal. May 17, 2021) (collecting cases where district courts have "remanded where evidence supporting or consistent with a rejected medical opinion was ignored"); <u>see also</u> <u>Fanlo v. Berryhill</u>, No. 17cv1617-LAB (BLM), 2018 WL 1536732, at *10 (S.D. Cal. Mar. 28, 2018) (stating that "[t]he ALJ is not permitted to 'cherry-pick' only the records that support her position"); <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability.").

Even the Agency's summaries of Plaintiff's medical records highlighted treatment notes and examination results from several physicians describing Plaintiff's complaints

---

[6] Peripherally, the Court notes that Plaintiff's failure to list his obesity as a disabling condition did not prevent the ALJ from considering Plaintiff's pain and symptoms resulting therefrom.  (Id. at 20-21.)

1   of foot pain, numbness, tingling, swelling, and knee pain.  (Id. at 93.)  For example, Dr.

2   Scott Evans' treatment notes from August 4, 2016, indicate that Plaintiff complained of

3   edema and bilateral foot pain.  (Id. at 294.)  After a physical examination, Dr. Evans

4   recorded bilateral foot pain in Plaintiff's heel and arch, and swelling of both feet up to

5   the ankle.  (Id.)  Plaintiff also told Dr. Evans that his foot pain made it hard to exercise

6   and worsened when he was on his feet.  (Id. at 294.)  Though the ALJ referenced some

7   of Plaintiff's hearing testimony, specifically that Plaintiff "has occasional swelling in his

8   feet but does not use a cane for ambulation," he omitted adjacent statements that

9   Plaintiff gets the sensation of pins and needles in his feet, that when they swell, he must

10  lay down during the day or in the evening, and that it is sometimes so severe that it is

11  difficult for Plaintiff to walk.  (Id. at 61.)  These omissions demonstrate a selective

12  disregard of consistent evidence.

13      Third, Plaintiff's ability to walk without a cane or other assistive device and the

14  fact that his feet only swell occasionally is simply not inconsistent with Plaintiff only

15  being able to stand or walk for four hours in an eight-hour workday.  And medical

16  records indicated that the condition would become worse with increased standing,

17  which more than four hours in a workday would likely necessitate.  (See id. at 294.)

18      The Court cannot find substantial evidence to support the ALJ's consistency

19  decision without impermissibly speculating as to his rationale or potentially supportive

20  evidence.  See Treichler, 775 F.3d at 1103; White v. Comm'r, No. 1:20-CV-00588-JDG,

21  2021 WL 858662, at *20-21 (N.D. Ohio March 8, 2021) (holding that if an ALJ fails to

22  mention relevant evidence, the Court cannot determine whether it was discounted or

23  merely overlooked).  The ALJ's failure to articulate his consistency analysis frustrates

24  meaningful judicial review and constitutes a legal error.  Sylvester G. v. Saul, Case No.

25  20cv2842-GJS, 2021 WL 2435816, at *5 (C.D. Cal. June 15, 2021) (finding legal error

26  when the ALJ "rejects a medical opinion or assigns it little weight while doing nothing

27  more than ignoring it, asserting without explanation that another medical opinion is

28  more persuasive, or criticizing it with boilerplate language that fails to offer a

1  substantive basis for his conclusion.") (citing <u>Garrison</u>, 759 F.3d at 1012-13).  Such error

2  is not harmless and requires reversal.  <u>Treichler</u> 775 F.3d at 489.

3        **4.  The ALJ failed to articulate his supportability analysis**

4        "Supportability" measures the degree to which objective medical evidence and

5  supporting explanations buttress a medical finding: the more relevant the objective

6  medical evidence and supporting explanations presented by a medical source are, the

7  more persuasive the medical opinion will be.  <u>Zhu</u>, 2021 WL 2794533, at *6 (quoting 20

8  C.F.R. § 404.1520c(c)).  When an ALJ determines that a PAMF is unpersuasive because it

9  lacks support, the ALJ must articulate his or her reasoning to allow for meaningful

10  judicial review.  <u>Kathleen G.</u> 2020 WL 6581012, at *3.

11        The ALJ in the present case failed to explain how he considered the supportability

12  factor in assessing Dr. Do's stand/walk limitation.  His entire discussion of his

13  supportability evaluation amounts to a single sentence: "As discussed above, the record

14  does not reveal any objective findings which would support the degree of limitations

15  found by Dr. Do."  (AR 22.)  The ALJ's vague reference to a discussion "above" could

16  refer to any statement within the ALJ's four page-long summary of medical opinions and

17  findings in the record.  (<u>Id.</u> at 19-22.)  However, despite the noted references in the

18  record to Plaintiff's pain and symptoms in his legs and feet, the ALJ made absolutely no

19  mention of Plaintiff's pain and symptoms in his legs and feet in his recitation of the

20  record as it pertained to Plaintiff's RFC.  (<u>See id.</u> at 19-22.)

21        Numerous district courts across the country have found a cursory rationale on the

22  supportability factor sufficient under the new regulations where there was no evidence

23  in the record whatsoever to support a medical finding.  <u>Buethe</u>, 2021 WL 1966202, at

24  *6; <u>see, e.g.</u>, <u>Jones v. Berryhill</u>, 392 F. Supp. 3d 831, 339 (M.D. Tenn. 2019) (finding ALJ's

25  statement that a medical opinion was unpersuasive because it was "not supportable or

26  consistent with the record" sufficient because there was no evidence in the entire case

27  record supporting the medical opinion).

28

1   But a cursory statement is not sufficient in this case because there was objective
2   medical evidence in the record that may have supported Dr. Do's stand/walk limitation
3   when combined with Plaintiff's complaints.  Even as summarized by the Agency, medical
4   records from numerous physicians recorded Plaintiff's DM II, hyperlipidemia, obesity,
5   diabetic retinopathy, skin cancer, and swelling in Plaintiff's feet.  (AR 93.)  This objective
6   medical evidence could have supported Dr. Do's stand/walk limitation, which, according
7   to Dr. Do, was based on Plaintiff's combined impairments.  (Id.)  The ALJ was obliged to
8   explicitly address any supportive objective medical evidence and explanations, (Jones,
9   2021 WL 620475, at *8; Beason, 2020 WL 606760, at *3), but he instead ignored it.

10   The ALJ failed to provide legally sufficient reasons supported by substantial
11   evidence for finding that Dr. Do's stand/walk limitation was unsupported by objective
12   medical evidence and supporting explanation.  He committed a legal error by failing to
13   discuss the supportability factor in the written decision.  Machelle H. v. Kijakazi, No.
14   1:20-CV-00357-CWD, 2021 WL 4342313, at *8 (D. Idaho Sept. 22, 2021).  Had the ALJ
15   accepted Dr. Do's limitation to the sedentary exertion level, Plaintiff would have been
16   found disabled.  See 20 C.F.R. Pt. 404, Subpt. P, App'x 2.  Clearly, then, this error is not
17   inconsequential to the ultimate nondisability determination.  See Carmickle v. Comm'r
18   of Soc. Sec., 533 F.3d 1155, 1162 (9th Cir. 2008).  Such error is not harmless and requires
19   reversal.  Treichler 775 F.3d at 489.

20   **B.**   **The ALJ Failed to Properly Evaluate Plaintiff's Subjective Statements Regarding**
21         **Pain and Symptoms**

22   Plaintiff contends that despite citing no evidence of malingering, the ALJ failed to
23   offer specific, clear, and convincing reasons for rejecting Plaintiff's statements regarding
24   the severity of his pain and symptoms.  (ECF No. 11 at 8.)

25   Defendant contends that the ALJ's findings regarding Plaintiff's subjective
26   symptom statements are supported by substantial evidence and are sufficiently specific
27   for a reviewing court to determine that the ALJ rejected Plaintiff's statements on
28   permissible grounds.  (Id. at 10.).

14

1

**1. Applicable law**

When evaluating the credibility of a claimant's allegations regarding subjective symptoms such as pain, the ALJ must engage in a two-step analysis.  See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996), superseded by statute, in part, on unrelated grounds, 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptoms alleged."  Id. at 1281-82 (citations omitted).  The claimant is not required to show that an underlying impairment could reasonably be expected to cause the severity of the pain alleged, but only that it could have reasonably caused some degree of the pain.  See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).   Second, if the first step has been satisfied and there is no evidence of malingering, then the ALJ may reject the claimant's claims about the severity of her symptoms "only by offering specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1281 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)).  "The clear and convincing standard is the most demanding required in Social Security cases."  Garrison, 759 F.3d at 1015.

In addition to giving clear and convincing reasons for rejecting Plaintiff's claims of disabling pain and symptoms, the ALJ must identify which specific pain and symptom statements are being discounted and what evidence undermines these claims.  See Lester, 81 F.3d at 834.  General findings are insufficient.  Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014).  An ALJ's failure to identify specific statements and explain why they are not credible precludes meaningful review of the ALJ's reasoning because the reviewing court cannot proceed without "substitut[ing its own] conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's decision." Treichler, 775 F.3d at 1103.  When this occurs, the reviewing court cannot determine whether the ALJ's decision was supported by substantial evidence.  Brown-Hunter, 806 F.3d at 489, 495.

**2. The ALJ's findings**

20cv2132-AJB (MSB)

Before conducting the two-step credibility analysis of Plaintiff's subjective statements regarding the intensity, persistence, or functionally limiting effects of pain or other symptoms, the ALJ summarized Plaintiff's statements in a single paragraph:

> The claimant is a 52-year-old man who alleges disability due to DM II with diabetic retinopathy of both eyes, hyperlipidemia, headache, morbid obesity, and uncomplicated basal cell carcinoma of arm and leg. He alleges that he stopped working in October 2016 due to his condition. He alleges that he continues to have double vision despite glasses. He alleges that he uses the reading function for checking his phone and email.

(AR 19.)  The ALJ then explained his two-step analysis of Plaintiff's credibility in one generic sentence, consisting primarily of boilerplate language:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Id.); see Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (discussing the ALJ's statement that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," and noting that ALJs "routinely include this [boilerplate] statement in their written findings as an introduction . . . before [identifying] what parts of the claimant's testimony were not credible and why.").

### 3.  The ALJ failed to identify the specific statement(s) rejected, and the evidence that supported that rejection

The ALJ failed to identify which of Plaintiff's statements concerning the intensity, persistence and/or limiting effects of his symptoms he discredited, or to articulate clear and convincing reasons for doing so.

Plaintiff claims the ALJ's only proffered reason for rejecting Plaintiff's statements regarding the limiting effects of his pain was an insufficient discussion of activities of daily living ("ADLs"), without explaining how those ADLs conflict with Plaintiff's allegations, and the four-hour standing/walking limitation.  (ECF No. 11 at 9.)  Plaintiff claims the true reason for the ALJ's adverse credibility finding was the lack of objective medical evidence of pain, and that requiring objective medical evidence of pain is prohibited.  (Id.)  Defendant claims that the ALJ sufficiently demonstrated how Plaintiff's "statements concerning [his symptoms'] intensity, persistence, and limiting effects" were inconsistent with the record by explaining that no doctor found Plaintiff unable to perform any work, his ADLs were not limited to the extent one would expect from a person with his "complaints of disabling symptoms and limitations," and that Plaintiff reported that he stopped working because he was laid off.[7]  (Id. at 10-12.)

These arguments ignore the fact that the Court is unable to determine whether the ALJ's non-credibility determination was proper because the ALJ never identified which of Plaintiff's pain or symptom statements he was rejecting, nor did he explain which evidence in the record contradicted those statements.  Brown-Hunter, 806 F.3d at 494 ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Plaintiff's] testimony where, as here, the ALJ never identified which testimony she found credible, and never explained which evidence contradicted that testimony.").  Plaintiff's allegation that he suffered disability due to his medically determinable impairments cannot be equated with a subjective symptom statement.  Whether those conditions and their symptoms are "disabling" is a legal conclusion, and distinguishable from Plaintiff's description of his symptoms: how intense the symptoms

---

[7] Defendant also contends that the ALJ was justified is discrediting Plaintiff because he failed to attend two consultative examinations.  (ECF No. 11 at 12.)  However, because the ALJ specifically disclaimed any reliance on this factor, the Court does not consider it here.  (AR 23 ("Although the claimant's failure to take part in a consultative examination could be a basis for finding the claimant is not disabled, the undersigned specifically has NOT so found in this case, and rather has simply decided the case on the available record.") (citation omitted).)

17

felt, what made them worse and better, and how they impacted his daily life and functioning.  See Rock v. Astrue, No. 07-cv-00065-TAG, 2009 WL 790012, at *16 (E.D. Cal. Mar. 23, 2009) (elaborating on the definition of subjective symptom statements); 20 C.F.R. § 404.1529(c)(3) (claimant pain and symptom testimony might include information regarding things that precipitate or aggravate the pain and symptoms, the treatment a claimant uses for relief, and how pain and symptoms affect the claimant's pattern of daily living).

The ALJ only identified two specific statements during his credibility analysis that resemble subjective symptom statements: "[Plaintiff] alleges that he continues to have double vision despite glasses.  He alleges that he uses the reading function for checking his phone and email."  (AR 19.)  Notably, this does not include any statements by Plaintiff regarding pain: the disputed issue in the parties' briefings.  (ECF No. 11 at 8-14.) Despite the ALJ's failure to identify any specific Plaintiff statement regarding pain in his non-credibility determination, the ALJ stated elsewhere in his opinion that he considered Plaintiff's reported foot pain during his RFC assessment, as required.  (AR 18.)  Even if the Court takes the ALJ at his word, his lack of specificity makes it impossible to determine whether the ALJ credited Plaintiff's statements regarding foot pain and symptoms, arbitrarily rejected them, or discredited those complaints on permissible grounds.  Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

The ALJ's failure on this point evidently led to vagueness and confusion in the parties' briefings.  Neither party identified any specific symptomatic complaint at-issue. Rather, Plaintiff argues that the ALJ's reasons for rejecting Dr. Do's stand/walk limitation were insufficient.  (ECF No. 11 at 10.)  The stand/walk limitation was the finding of a state agency medical consultant—not a statement made by Plaintiff.  Defendant refers ambiguously to Plaintiff's "complaints of disabling symptoms and limitations" without identifying any such complaint.  (Id. at 11.)

Nevertheless, Defendant makes several arguments for the ALJ's rejection of Plaintiff's unspecified pain and symptom statements, based on the ALJ's statements in

other parts of his decision.  (Id. at 10-13.)  First, Defendant points out that the ALJ found

no medical opinion in the record stating that Plaintiff was unable to do any work.  (Id. at

11.)  This argument fails because the ALJ never identified a symptom statement that

would be discredited by this lack of a medical opinion.  Next, Defendant raised the ALJ's

related observation that Plaintiff's report of being recently laid off from work in

February of 2017 cast doubt on his claim that he stopped working because of his

impairments.  (Id. at 12.)  However, Plaintiff alleged that he became unable to work due

to his disabling condition on October 12, 2016, (AR 183), approximately four months

before he reported being recently laid off, leading to changes in insurance that delayed

his ability to get further ophthalmologic evaluations despite wanting to extend his

ophthalmic disability, (id. at 366).  These two reports are not necessarily inconsistent

with one another, as Plaintiff could have stopped working due to his disabling condition,

and later been laid off from work.  Therefore, this is not a clear and convincing basis for

rejecting Plaintiff's statement about when he became unable to work.

Finally, Defendant repeats the ALJ's contention that Plaintiff's ADLs are less

limited than his symptom statements would suggest.  (ECF No. 11 at 11.)  Plaintiff

testified that he did the following without an assistive device: walked his dog three

times a day for twenty minutes, went grocery shopping, vacuumed, cooked, washed

dishes, made short trips in the car, helped his son with homework, and attended his

son's school functions.  (AR 23.)  Neither the ALJ nor the Defendant explained which

pain and symptom statement made by the Plaintiff is inconsistent with these activities,

or why the activity is inconsistent with any alleged functional limitation.  The Court

notes that none of these ADLs are obviously inconsistent with Dr. Do's four-hour

stand/walk limitation, since these combined activities do not require standing or

walking for more than four hours in an eight-hour period.  Moreover, an ALJ should be

wary of assuming that the capacity to do light household chores makes an individual

capable of performing in a stressful work environment.  Saunders v. Astrue, 433 F. App'x

531, 533 (9th Cir. 2011).

By failing to identify <u>specific</u> pain and symptom statements and <u>specific</u>, clear, and convincing reasons for rejecting the same, the ALJ committed a legal error when he rejected "claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms" as inconsistent with the rest of the evidence in the record. (<u>Id.</u> at 19.)  His inadequate explanation precludes meaningful review by this Court. <u>Lester</u>, 81 F.3d at 834; <u>Brown-Hunter</u>, 806 F.3d at 489.

## VI.  CONCLUSION AND RECOMMENDATION

The Court finds that the ALJ failed to properly evaluate the persuasiveness of Dr. Do's PAMF by neglecting to articulate his consistency and supportability analyses of the doctor's four-hour stand/walk limitation.  The ALJ improperly dismissed Plaintiff's subjective symptom statements without identifying the statements he was rejecting, and without pointing to the portions of the record that undermined Plaintiff's statements.  The ALJ's decision contained harmful legal errors and was not supported by substantial evidence in the record.

The reviewing court may enter a "judgment affirming, modifying, or reversing" the Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the case to the Social Security Administration for further proceedings.  <u>Id.</u>  Whether to remand for further proceedings or award benefits is within the discretion of the Court. <u>See</u> <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).  Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision.  <u>See</u> <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984).  Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, where the record has been fully developed, or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled.  <u>See</u> <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985); <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980).

20cv2132-AJB (MSB)

Here, Plaintiff contends that the Court "should award Plaintiff his benefits," or, in the alternative, "remand[] for further evaluation." (ECF No. 11 at 15.)  Defendant maintains that the appropriate remedy in the event of reversal would be a remand for further administrative proceedings. (Id. at 11).  The Court finds remand for further proceedings warranted because additional administrative proceedings could remedy the defects in the ALJ's decision.

For the foregoing reasons, the Court **RECOMMENDS** that Judgment be entered reversing the ALJ's decision and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation.  See Fed. R. Civ. P. 72(b)(2).  The objections should be captioned "Objections to Report and Recommendation."  A party may respond to the other party's objections within 14 days after being served with a copy of the objections.  See id.

**IT IS SO ORDERED.**

Dated:  December 14, 2021

Honorable Michael S. Berg
United States Magistrate Judge